# United States District Court

EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | Case No. 4:11cr6 |
| | § | (Judge Crone) |
| CESAR DAVID VELASQUEZ (37) | § | |

### O R D E R

This matter having come before the Court upon Defendant's motion for psychological and/or psychiatric examination pursuant to Title 18, United States Code, Sections 4241.

The Court signed an Order on January 3, 2012, which committed the Defendant to a suitable Federal Bureau of Prisons facility, and there to be examined by qualified psychiatrist(s) or psychologist(s) under the provision of Title 18, United States Code, Sections 4241 determine:

(1) whether he is presently insane or otherwise so mentally incompetent as to be unable to understand the proceedings against him or to assist properly in his own defense.

The Court has received the report from the Federal Bureau of Prisons and copies of the report has been furnished to the United States Attorney and counsel for the Defendant.

Among other things, the Psychological Evaluation Report, prepared by Lisa Bellah, Ph.D., Licensed Psychologist, states on pages 27:

**Recommendations for Counsel**

Despite the opinion by this examiner that the defendant is malingering cognitive impairment, it is possible that he may truly suffer from continued diffuse neurological deficits that could interfere with his level of understanding of his legal case and/or his ability to adequately assist in his case.  The court does have the option of making a conservative ruling of incompetence and order a new study period under Title 18, United States Code, Section 4241(d), for continued assessment and potential restoration of competency not to exceed 120 days. A Medical Referral Center (MRC) within the Bureau of Prisons would have the ability to conduct updated neuroimaging studies and continued neuropsychological testing over a more extended period of time to fully assess the issue of malingering in this case.

18 U.S.C. § 4241(c) provides that a hearing on competency "shall be conducted pursuant to the provisions of section 4247(d)." Under 18 U.S.C. § 4247(d), the Court must hold a hearing and

Defendant must have an opportunity to testify, to present evidence, to subpoena witnesses on his behalf, and to confront and cross-examine any witnesses who appear at the hearing. The Court shall determine if Defendant is competent by a preponderance of evidence. On March 28, 2012, the Court conducted a hearing where the report was admitted. At the hearing, Defendant was given the opportunity to present evidence and call witnesses. Defendant made a proffer. Moreover, Defendant did not object to the findings.

The Court considered the report, and follows the recommendation contained in the report, and finds by a preponderance of the evidence that the Defendant, Cedar David Velasquez, is mentally incompetent as to be unable to understand the proceedings against him or to assist properly in his own defense.

18 U.S.C. § 4241(d) provides for the next steps in ascertaining and evaluating defendant's mental condition:

> (d) Determination and disposition.—If, after the hearing, the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, the court shall commit the defendant to the custody of the Attorney General. The Attorney General shall hospitalize the defendant for treatment in a suitable facility—
> > (1) for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward; and
> > (2) for an additional reasonable period of time until—
> > > (A) his mental condition is so improved that trial may proceed, if the court finds that there is a substantial probability that within such additional period of time he will attain the capacity to permit the proceedings to go forward; or
> > > (B) the pending charges against him are disposed of according to law;
> > > whichever is earlier.
> If, at the end of the time period specified, it is determined that the defendant's mental condition has not so improved as to permit proceedings to go forward, the defendant is subject to the provisions of sections 4246 and 4248.

18 U.S.C. § 4241(d).

Having considered Dr. Bellah's report, as well as the arguments of the parties presented at

the hearings and all other evidence, the Court concludes that there are serious questions regarding whether Defendant is competent to stand trial at this time. Accordingly, the Court commits Defendant to the custody of the Attorney General under 18 U.S.C. § 4241(d).  The Attorney General is directed to "hospitalize the defendant for treatment in a suitable facility for ... a reasonable time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward."

It is further ORDERED that the original written report of the psychiatrist or psychologist conducting the examination setting out his findings of the mental competency examination, be forwarded to Amos Mazzant, United States Magistrate Judge, 200 N. Travis Street, Mezzanine Level, Sherman, Texas 75090, and copies will be submitted by the Clerk as sealed documents to counsel of record for the Government and for the Defendant.

The Court further finds that any time of delay resulting from the examination shall be excludable time under the Speedy Trial Act as provided by Title 18, United States Code Section 3161(h)(1)(A).

IT IS SO ORDERED.
**SIGNED this 30th day of March, 2012.**

_____
AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE